## Bomgardner *v.* Swartz, Appellant.

*Contract—Parol evidence—Statute of frauds—Payment of debt of another—Consideration—Evidence—Documentary evidence.*

In an action of assumpsit on a parol contract, it appeared that while plaintiff was in the occupation of defendant's land as a tenant, the United States government took possession of the land for temporary camping purposes, destroyed the fences, made excavations, and injured the land in various ways detrimental to both the tenancy and the reversion. Plaintiff and defendant entered into an agreement that the defendant should alone present a claim to the government, and that out of whatever the government paid as rent the plaintiff should be paid half and out of whatever was paid as damages he should receive $400. Defendant presented the claim and received $308.75 as rent and $1,195.58 for damages to the farm. He refused to account to plaintiff on the ground (1) that the agreement was a parol promise to pay the debt of another, and (2) that there was no consideration for it. *Held,* that neither ground was tenable and that plaintiff was entitled to recover.

In the above case, a paper styled " the itemized claim presented " (by the defendant) " to the United States government," without any explanation as to how the paper came into court as an original paper, and without being authenticated as a copy, was properly rejected.

Argued March 16, 1904. Appeal, No. 17, March T., 1904, by defendant, from judgment of C. P. Dauphin Co., March T., 1903, No. 147, on verdict for plaintiff, in case of John A. Bomgardner v. Solomon L. Swartz. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a parol contract. Before WEISS, P. J.

The facts appear by the opinion of the Superior Court.

At the trial the following offer was made:

Mr. J. W. Swartz: I propose now to offer in evidence the itemized claim presented by Solomon L. Swartz to the United States government, which includes items claimed therein at the request of Mr. Bomgardner, and which shows the various items of damages and the amounts claimed; also to be followed with the affidavit of John A. Bomgardner, made in support of said claim, which shows the items and the amounts therein claimed, as claimed by John A. Bomgardner; this to be followed with an authenticated record of the auditor for the war

264    BOMGARDNER *v.* SWARTZ, Appellant.

Statement of Facts—Opinion of the Court.    [26 Pa. Superior Ct.

department, Washington, D. C., showing that none of the items making up the claim of John A. Bomgardner, which was presented and included in the claim of Solomon L. Swartz for him, were allowed. This for the purpose of showing that John A. Bomgardner had no claim against the government which was considered by it, and that Solomon L. Swartz, pursuant to his agreement with John A. Bomgardner, that he would present his, Bomgardner's claim with his, did not receive any amount at all for the use of John A. Bomgardner, and therefore is not liable to him for any amount of damages received from the government.

Mr. Hargest : Objected to as irrelevant, immaterial and as not affecting any issue in this case.

The Court : The offer does not support the purpose. The objection is sustained. Exception to defendant. [3]

Defendant presented these points :

1. If the jury find that the defendant agreed to pay the plaintiff one half of the rent received by him from the government and that the plaintiff's right under the lease, or as tenant, was one half of the crops, then the one half of the rent is all that he can recover, even though the defendant did promise to give him a portion of the damages done to the land and for private property taken, as such promise is simply a gratuity and is not binding. *Answer :* This is refused. [1]

2. That upon all the evidence the verdict must be for the defendant. *Answer :* This is refused. [3]

Verdict and judgment for plaintiff for $562.56. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them ; (3) ruling on evidence, quoting the bill of exceptions.

*J. W. Swartz*, of *Swartz Bros.*, for appellant.

*William M. Hargest*, with him *John C. Nissley*, for appellee.

OPINION BY PORTER, J., October 17, 1904 :

The defendant was the owner of a farm of which the plaintiff was in possession as tenant under a lease for one year.

During the term the military authorities of the United States took possession of and for several months used as a camp a large part of the land, excavated trenches, large cesspools or sinks, to the number of forty-five; erected several garbage ovens, and upon withdrawing the troops from the premises the land was left in very bad condition and littered with rubbish. The plaintiff continued to reside upon the land throughout the term, and after the withdrawal of the troops he filled up the trenches and cesspools, removed the garbage ovens and rubbish, and restored the land to a condition fit for farming operations, but the troops had destroyed over 8,000 feet of fencing, which necessarily interfered with the present use of the land. The plaintiff had, during the occupancy by the troops, been prevented from pasturing his cattle upon the land, or using it in any other manner to which under the provisions of his lease he was entitled to devote it. There can be no question under the evidence in this case that the occupancy by the troops was an intrusion upon the estate of the plaintiff in the land, nor that the condition in which the land was left was a substantial injury to his enjoyment of that estate during the remainder of the term. The large number of excavations left upon the land may have been of such a character that it was impossible to fill them up in such a manner as to avoid some injury to the estate of the defendant in remainder, but it is certainly very clear that they were a substantial injury to the present right of the plaintiff to occupy and use the premises for farming purposes. The destruction of the fences on the farm would naturally interfere with the use of the land by the plaintiff for the purposes of pasturing his cattle and putting in the usual fall crops. The right to compensation for use of the land and to damages for injuries growing out of the condition in which it was left was one in which both the parties were interested. They consulted as to what had better be done, and ascertained that the government of the United States would insist upon a division of the claim for compensation into two branches, one in the nature of rent for the use of the land and the other as compensation for injury to private property. The plaintiff and defendant, recognizing the difficulty which would arise in attaining a settlement for injuries to the property should they present individual claims for damages to their

distinct estates in the same land, thus bringing them into apparent antagonism in their dealings with the government, entered into the agreement upon which the plaintiff has brought this action. The testimony of the parties is in accord upon the point that they did agree that the defendant should in his claim include the whole rightful claim of both the parties for rent of and damages to the land, that he should collect the aggregate claim, and having so collected from the government he should pay to the plaintiff a sum which was fixed by this agreement. There was a conflict of evidence as to the amount which Bomgardner should receive, but the jury found under proper instructions that the parties had agreed that the defendant should pay to the plaintiff one half of the amount which the government paid as rent, and $400 out of the amount which was awarded as damages to the property. The defendant presented a claim to the government, which included everything for which the plaintiff, as the party entitled to the present possession and the defendant who was seized of the estate in remainder were entitled. The government paid him, in full of the whole claim the sum of $308.75 as rent and $1,195.18 for damages to the farm.

There was nothing in the evidence to indicate that the agreement between the parties involved any understanding that the claim should be inflated or any attempt made to perpetrate a fraud upon the government. There was nothing in the contract, as proved and found by the jury, which would require the court to refuse to enforce it upon the ground that it was against public policy. The appellant contends that the agreement cannot be enforced against the defendant for two reasons : (1) It was a parol promise to pay the debt of another; (2) There was no consideration for the promise. Neither of these grounds seems to be well taken. Swartz did not agree to pay the debt of the government of the United States ; his agreement was to collect in his own name a claim in which both the parties had an interest, and that a fixed part of the amount collected should be for the use of Bomgardner. There was a lawful claim against the government of the United States, which had not been liquidated, and each of the parties was entitled to receive some part of the aggregate of that claim. The determination of the apportionment of the sum which the

government ought lawfully to pay was not free from difficulty ; there was a reasonable probability that these parties would become involved in a controversy and the settlement of the claim be long delayed.   It was perfectly competent for the plaintiff and defendant to enter into an agreement under the provisions of which the plaintiff agreed to accept one half of the rent and $400 out of the amount of the damages paid by the government, in full of his share of the claim, and the defendant agreed to collect the whole claim, and pay over to Bomgardner his share as agreed upon, and accept the balance as in full of his share.   Swartz did not agree to pay anything, save out of what he received upon the claim in which they were jointly interested.   After this agreement was made, he became a trustee for the plaintiff, and was bound to account for the money which he received under the terms of their agreement.   The agreement of the plaintiff that the entire claim should be presented by Swartz was substantially an agreement that he himself would not present a claim, and after having acquiesced in the presentation by Swartz, he would have been estopped to assert any claim against the government upon his own account. The agreement of the plaintiff to accept one half the rent, instead of demanding all, and to limit the amount which he was to receive as damages to $400, was a sufficient consideration to support the covenants of the defendant.   The first and second-specifications of error are dismissed.

The offer in evidence of " the itemized claim presented by Solomon L. Swartz to the United States Government," was properly rejected.   If this was the original paper, it must have come from the custody of some public officer of the government of the United States, and it was not produced by such officer, nor was any explanation made of how the paper came into court : Miller v. Hale, 26 Pa. 432 ; P. & L. Digest of Decisions, vol. VI, 10,109.   If the paper was a copy of the original, in the files of the war department, then it was neither properly proved nor authenticated.

The judgment is affirmed.